UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| HEIDI & MATHEW KUBIAK,<br><br>      Plaintiffs,<br><br>-against-<br><br>REDLINE RECOVERY SERVICES, LLC,<br><br>      Defendant. | **VERIFIED COMPLAINT and DEMAND FOR JURY TRIAL** |

NOW COMES Plaintiffs, HEIDI & MATHEW KUBIAK ("Plaintiffs"), by and through their attorneys, Krohn & Moss, Ltd., for their Verified Complaint against Defendant, REDLINE RECOVERY SERVICES, LLC ("Defendant"), alleges as follows:

Nature of the Action

1. This action is brought by Plaintiffs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

Parties

2. Plaintiffs are natural persons residing in the State of Texas.

3. Plaintiffs are allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

4. Defendant is a New York company having its principal place of business located in Getzville, Erie County, New York.

5. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiffs.

6.Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

7.Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

8.Because Defendant conducts business and is principally located in the state of New York, personal jurisdiction is established

9.Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

10.Declaratory relief is available pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

## Factual Allegations

11.Defendant constantly and continuously places collection calls to Plaintiffs seeking and demanding payment for an alleged debt.

12.Defendant threatened to file a lawsuit against Plaintiffs while seeking and demanding payment for an alleged consumer debt. To date no lawsuit has been filed.

13.Defendant used profane and abusive language while seeking and demanding payment by stating "do you need a damn hearing aid."

14.Defendant failed to properly identify itself while seeking and demanding payment by placing collection calls that come up as "unknown" on the caller ID.

15.Defendant failed to mail to Plaintiffs a written letter describing Plaintiffs' rights with respect to the alleged debt in controversy within five (5) days after Defendant's initial communication with Plaintiffs.

CLAIM FOR RELIEF

16. Defendant's violations of the FDCPA include, but are not limited to, the following:

   a. Defendant violated §1692c(a)(1) of the FDCPA by contacting Plaintiffs at a time and place known to be inconvenient.

   b. Defendant violated §1692dof the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiffs.

   c. Defendant violated §1692d(2) of the FDCPA because Defendant used abuse and profane language in an attempt to collect an alleged consumer debt.

   d. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiffs.

   e. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

   f. Defendant violated §1692e(4) of the FDCPA because Defendant engaged in false or misleading representations in communications by threatening to file a lawsuit against Plaintiffs.

   g. Defendant violated §1692e(5) of the FDCPA because Defendant engaged in false or misleading representations in communications by threatening to file a lawsuit against Plaintiffs even though Defendant has not filed a lawsuit to date and does not intend to do so.

   h. Defendant violated §1692f of the FDCPA by engaging in unfair and unconscionable means to collect or attempt to collect the alleged debt.

    i.    Defendant violated §1692g(a)(1-5) by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

17.    As a consequence of Defendant's foregoing actions, Plaintiffs have suffered from emotional distress.  *See* Exhibit "A" hereto.

18.    Plaintiffs are entitled to her attorney's fees and costs incurred in this action.

19.    This case presents an actual and justiciable controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant for the following:

(1)  Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*;

(2)  Actual damages

(3) Statutory damages pursuant to 15 U.S.C. § 1692k

(4) Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and

(5) Awarding such other and further relief as may be just, proper and equitable.

Dated: July 17, 2009

>KROHN & MOSS, LTD.
>
>By: __/s/ Adam T. Hill_____
>Adam T. Hill
>KROHN & MOSS, LTD.
>120 W. Madison St., 10th Fl.
>Chicago, Illinois 60602
>Telephone: 312-578-9428
>Telefax: 866-802-0021
>ahill@consumerlawcenter.com
>Attorney for Plaintiffs

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiffs, HEIDI & MATHEW KUBIAK, hereby demand a jury trial in this matter.

## VERIFICATION

STATE OF NEW YORK

:ss.:

Plaintiff, HEIDI KUBIAK, being duly sworn, deposes and says:

1. I am the Plaintiff in this civil proceeding;
2. I have read the foregoing Verified Complaint prepared by my attorneys and I believe that all of the facts contained therein are true and correct, to the best of my knowledge, and formed after reasonable inquiry;
3. I belief that this civil Complaint is well ground in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law;
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it;
6. Each and every exhibit I have provided to my attorneys, which has/have been attached to this Complaint, is/are true and correct copy(s) of the original(s); and
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated the exhibit(s), except that some of the attached may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, HEIDI KUBIAK, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 7/6/09

HEIDI KUBIAK

## VERIFICATION

STATE OF NEW YORK

:ss.:

Plaintiff, MATHEW KUBIAK, being duly sworn, deposes and says:

8. I am the Plaintiff in this civil proceeding;
9. I have read the foregoing Verified Complaint prepared by my attorneys and I believe that all of the facts contained therein are true and correct, to the best of my knowledge, and formed after reasonable inquiry;
10. I belief that this civil Complaint is well ground in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law;
11. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
12. I have filed this Complaint in good faith and solely for the purposes set forth in it;
13. Each and every exhibit I have provided to my attorneys, which has/have been attached to this Complaint, is/are true and correct copy(s) of the original(s); and
14. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated the exhibit(s), except that some of the attached may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, MATHEW KUBIAK, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 7/7/09

MATHEW KUBIAK

# EXHIBIT A

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** / NO
2. Fear of answering the telephone — **YES** / NO
3. Nervousness — **YES** / NO
4. Fear of answering the door — **YES** / NO
5. Embarrassment when speaking with family or friends — **YES** / NO
6. Depressions (sad, anxious, or "empty" moods) — **YES** / NO
7. Chest pains → not 'pain,' but discomfort out of fear ← YES / **NO**
8. Feelings of hopelessness, pessimism — **YES** / NO
9. Feelings of guilt, worthlessness, helplessness — **YES** / NO
10. Appetite and/or weight loss or overeating and weight gain — **YES** / NO
11. Thoughts of death, suicide or suicide attempts — **YES** / NO
12. Restlessness or irritability — **YES** / NO
13. Headache, nausea, chronic pain or fatigue — **YES** / NO
14. Negative impact on my job — **YES** / NO
15. Negative impact on my relationships — **YES** / NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: After I was yelled at and belligerently asked if I needed a "damn hearing aide" by Ms. Schuller claiming she would see me in court, I have been terribly upset and fearful of what may be next. Immediately after I ended this call I began crying, at one point so hard that I had feelings of literally passing out. This was a horrific experience and my heart nearly jumps out of my chest whenever I see "unknown" on my caller ID.

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 7/6/09

Signed Name

Heidi Kubiak
Printed Name

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** NO
2. Fear of answering the telephone — **YES** NO
3. Nervousness — **YES** NO
4. Fear of answering the door — **YES** NO
5. Embarrassment when speaking with family or friends — **YES** NO
6. Depressions (sad, anxious, or "empty" moods) — **YES** NO
7. Chest pains — **YES** NO
8. Feelings of hopelessness, pessimism — **YES** NO
9. Feelings of guilt, worthlessness, helplessness — **YES** NO
10. Appetite and/or weight loss or overeating and weight gain — **YES** NO
11. Thoughts of death, suicide or suicide attempts — **YES** NO
12. Restlessness or irritability — **YES** NO
13. Headache, nausea, chronic pain or fatigue — **YES** NO
14. Negative impact on my job — **YES** NO
15. Negative impact on my relationships — **YES** NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: NEGATIVE IMPACT ON SCHOOL AND HAS ALSO HAD A NEGATIVE IMPACT ON MY DAUGHTER

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 7/7/09

Signed Name: [signature]

Printed Name: MATTHEW D KUBIAK